THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DOORAGE, INC., | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | No. 21 C 5173 |
| v. | ) | |
| | ) | Judge Virginia M. Kendall |
| CRUM & FORSTER SPECIALTY | ) | |
| INSURANCE COMPANY, | ) | |
| | ) | |
| *Defendant.* | ) | |

**MEMORANDUM OPINION AND ORDER**

On February 17, 2022, this Court stayed Plaintiff Doorage, Inc.'s declaratory action against Defendant Crum & Forster Specialty Insurance Company ("Crum & Forster"). (Dkt. 16). The Court stayed this action pending adjudication of Doorage's copyright-infringement action against third-party Blue Crates, LLC, which is in turn stayed pending Blue Crates's discharge of its debts in Chapter 11 bankruptcy. (*Id.*) Doorage now asks the Court to lift the stay and adjudicate Crum & Foster's duty to defend and indemnify Blue Crates in the underlying copyright-infringement suit. (Dkt. 18). For the following reasons, the Court denies Doorage's motion. [18]

**BACKGROUND**

The Court recounted the underlying factual allegations of this case in its Order and Opinion granting in part and denying in part Crum & Forster's Motion to Dismiss and further granting Crum & Forster's Motion to Stay. (*See* Dkt. 16). The Court briefly summarizes the procedural history and relevant facts alleged in Doorage's complaint, (dkt. 1-1).

In January 2020, Doorage sued Blue Crates for copyright infringement (the "Underlying Action"). (Dkt. 1-1 ¶ 18; *see also Doorage, Inc. v. Blue Crates, LLC*, Case No. 1:20-cv-421). Doorage alleged Blue Crates based its advertisements off Doorage's marketing videos, publishing

1

knockoffs online as early as September 2018 and keeping them up until the lawsuit began. (Dkt. 1-1 ¶¶ 15–18, 27, 40). Crum & Forster insured Blue Crates for "Personal and Advertising Injury" liability under two substantially similar policies effective from May 11, 2018 through May 11, 2019 ("2018 Policy"), and May 11, 2019 through May 11, 2020 ("2019 Policy"). (*Id.* ¶¶ 21–23). Coverage included injury caused by "the use of another's advertising idea in your advertisement" or "infringing upon another's copyright, trade dress or slogan in your advertisement." (*Id.* ¶ 23 (quotation marks omitted); *see also id.* at 47 (Exhibit 2, setting forth Coverage B under 2018 Policy), 96 (Exhibit 3, setting forth Coverage B under 2019 Policy)). The policies excluded claims for "Knowing Violation[s] Of Rights Of Another." (*E.g.*, *id.* at 96). This exclusion precludes coverage for "[p]ersonal and advertising injury caused by or at the direction of the insured with the knowledge that the act would violate the rights of another and would inflict personal and advertising injury." (*Id.* (quotation marks omitted)).

In October 2020, while the Underlying Action was proceeding, Crum & Forster sought a declaration that it owed no coverage obligation for any liability Blue Crates might incur from Doorage's copyright-infringement lawsuit. (Dkt. 1-1 ¶¶ 28–29; *see also Crum & Forster Specialty Ins. Co. v. Blue Crates, LLC et al.*, Case No. 20-cv-6106). Specifically, Crum & Forster argued: "(1) No coverage is afforded for Blue Crates under the 2018 Policy; (2) Coverage for Blue Crates under the 2019 Policy is excluded because Blue Crates knowingly violated the rights of Doorage through publishing its infringing videos . . . ." (Dkt. 1-1 ¶ 29). Crum & Forster settled with Blue Crates in February 2021 and dismissed the declaratory-judgment action in March 2021. (*Id.* ¶¶ 32–33). In the settlement, Crum & Forster agreed to pay Blue Crates $75,000 in return for Blue Crates releasing Crum & Forster from its duty to defend and indemnify Blue Crates for Doorage's claims in the Underlying Action. (*Id.* ¶ 34). Though Crum & Forster had joined Doorage in the action as

2

a "necessary and indispensable party," it filed no claims against Doorage, nor did it involve Doorage in the settlement agreement or dismissal. (*Id.* ¶¶ 30, 33–35).

Blue Crates filed for Chapter 11 bankruptcy in March 2021. (*Id.* ¶ 36; Dkt. 20-3 at 2; *see also In re: Blue Crates, LLC*, Case No. 21-bk-3984). This stayed the Underlying Action by operation of law. (Dkt. 1-1 ¶ 37; *see also* Dkt. 20, Ex. C at 2). Concerned about the bankruptcy action's consequences for their claims against Blue Crates, Doorage filed this action against Crum & Forster, seeking a declaration of Crum & Forster's duty to defend and indemnify Blue Crates in the Underlying Action (Count I) and claiming Crum & Forster violated Section 155 of the Illinois Insurance Code. (*See generally* Dkt. 1-1). This Court granted Crum & Forster's motion to dismiss Count II but denied the motion as to Count I. (Dkt. 16). The Court also granted Crum & Forster's motion to stay, finding "resolution of [Doorage's] claims in this action will depend on a finding as to whether Blue Crates knowingly infringed on Doorage's copyright—which could implicate pertinent exclusions under the Policies." (*Id.* at 12).

Since the Court entered its Order, Blue Crates confirmed its Plan of Reorganization in the bankruptcy action, from which Doorage expects to receive $63,783 for its unsecured, contingent copyright-infringement claims. (Dkt. 20, Ex. G at 3; *see also In re: Blue Crates, LLC*, Case No. 21-bk-3984, dkt. 113-1 at 2–3). Under the Plan, Blue Crates will pay its creditors over a 36-month period, through March 2025. (Dkt. 20, Ex. G at 2; *In re: Blue Crates, LLC*, Case No. 21-bk-3984, dkt. 113-1 at 2). Doorage now moves this Court to lift the stay, arguing its remaining declaratory-judgment action against Crum & Forster is ripe for review with the now-confirmed three-year stay of the Underlying Action while Blue Crates discharges its debts in bankruptcy. (Dkt. 18 at 1).

**LEGAL STANDARD**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Tex. Indep. Producers & Royalty Owners Ass'n v. E.P.A.*, 410 F.3d 964, 980 (7th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Northfield Ins. Co. v. City of Waukegan*, 701 F.3d 1124, 1133 (7th Cir. 2012) ("[A] district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment.") (quoting *Envision Healthcare, Inc. v. PreferredOne Ins. Co.*, 604 F.3d 983, 985–86 (7th Cir. 2010)).

Orders staying proceedings must be moderate and within "reasonable limits." *Landis*, 299 U.S. at 257. Courts generally consider three factors in evaluating a motion to stay: "(1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) whether a stay will reduce the burden of litigation on the parties and the court." *See, e.g.*, *Tel. Sci. Corp. v. Asset Recovery Solutions, LLC*, No. 15-cv-5182, 2016 WL 47916, at *2 (N.D. Ill. Jan. 5, 2016).

## DISCUSSION

This Court previously found that staying Doorage's declaratory-judgment action against Crum & Forster until Doorage has proven Blue Crates knowingly infringed on Doorage's copyrights would simplify the issues in this action and reduce the burden of litigation on the parties and this Court. (Dkt. 16 at 12). The Court found no reason at that time to conclude a stay would unduly prejudice or tactically disadvantage Doorage. (*Id.*) Doorage now argues circumstances have changed in a matter of months, and it will be unduly prejudiced by having to wait another two-and-a-half years to litigate the scope of Crum & Forster's obligations as to Blue Crates. (Dkt. 18 at 1–2). Instead, Doorage argues, this Court should adjudicate Crum & Forster's liability as an

4

insurer for claims that have not yet been proven against its insured—liability which hinges on disputed factual issues in the Underlying Action. The Court disagrees that Doorage's claims against Crum & Forster are ripe for adjudication.

First, Doorage argues it has "clear rights to recover from Crum & Forster for Blue Crates' misconduct." (Dkt. 18 at 7). Doorage cites *In re Shondel* for the principle that a bankruptcy discharge "is not intended to provide a method by which an insurer can escape its obligations based simply on the financial misfortunes of the insured." 950 F.2d 1301, 1308 (7th Cir. 1991). Moreover, a debtor's discharge in bankruptcy does not extinguish the debt itself for which another party may be liable. 11 U.S.C. § 524(e). But *Shondel* also held that the plaintiff-creditor in the underlying action must obtain a judgment against the bankrupt debtor as a prerequisite to recovering from the debtor's insurer. *See id.* ("[Plaintiff-creditor] must obtain a judgment against Shondel as a prerequisite to recovering from Shondel's insurer."); *see also, e.g.*, *In re Edgeworth*, 993 F.2d 51, 53–54 (5th Cir. 1993) ("In the liability insurance context, of course, a tort plaintiff must first establish the liability of the debtor before the insurer becomes contractually obligated to make any payment."). Illinois law requires the same.[1] Doorage must first obtain a judgment against Blue Crates that finds (1) Blue Crates infringed upon Doorage's copyright, and (2) Blue Crates's liability exceeds what it will pay Doorage under its bankruptcy reorganization plan before any insurer's duty to indemnify attaches to this liability.

Doorage takes for granted that Blue Crates is liable for copyright infringement, and that Crum & Forster must subsequently pay its full $1 million in policy coverage limits to indemnify

---

[1] *See Zurich Ins. Co. v. Raymark Industries, Inc.*, 514 N.E.2d 150, 163 (Ill. 1987) ("The duty to indemnify arises only when the insured becomes legally obligated to pay damages in the underlying action that gives rise to a claim under the policy."); *Outbound Marine Corp. v. Liberty Mut. Ins. Co.*, 607 N.E.2d 1204, 1221 (Ill. 1992) ("[T]he question of whether the insurer has a duty to indemnify the insured for a particular liability is only ripe for consideration if the insured has already incurred liability in the underlying claim against it.").

Blue Crates for Doorage's own estimate of Blue Crates's liability totaling $2,175,048. (Dkt. 18 at 5; Dkt. 20, Ex. G at 3–4). Doorage may indeed have a strong claim on the merits against Blue Crates, but this claim is not before this Court. Nor is the damages estimate. Doorage must pursue its claim against Blue Crates on the merits and obtain a judgment before this Court can adjudicate whether Blue Crates's policies with Crum & Forster include any coverage for this judgment. Although the Underlying Action was automatically stayed under 11 U.S.C. § 362(a), Doorage can move the bankruptcy court to "grant relief from the stay . . . for cause," solely to establish Blue Crates's liability for copyright infringement. 11 U.S.C. § 362(d)(1); *see In re Fernstrom Storage and Van Co.*, 938 F.2d 731, 735–36 (7th Cir. 1991) (adopting three-factor test of bankruptcy court for determining whether "cause" exists under § 362(d) and reasoning that cause may be found to lift automatic stay when plaintiffs seek "declarations of liability that can serve as a predicate for a recovery against insurers, sureties, or guarantors").

Doorage concedes nothing prevents it from seeking to lift the § 362(a) stay in the Underlying Action to establish liability and determine damages recoverable under any applicable insurance policies. (Dkt. 21 at 2). This concession significantly undercuts the argument made in its opening brief that Doorage is unduly prejudiced by waiting until after March 2025 to resolve its claims against Blue Crates and Crum & Forster. (*See* dkt. 18 at 8 ("It is now clear that a stay of this action, pending resolution of the Underlying Action and Bankruptcy Action, could last three years, which would be extremely prejudicial to Doorage.")). If Doorage is concerned about the length of time to resolve the Underlying Action and any "tactical disadvantage" of waiting another two-and-a-half years "to call witnesses, produce testimony, and prove damages," (*id.* at 9), it can take steps now to resolve Blue Crates's liability for copyright infringement and obtain a judgment.

6

Only then can this Court address Crum & Forster's potential indemnification obligation for that judgment.

Doorage argues Blue Crates is unlikely to mount a defense to the Underlying Action. (Dkt. 18 at 9). Crum & Forster has already disclaimed its duty to defend Blue Crates in the Underlying Action pursuant to a confidential settlement agreement. (*Id.*) Doorage complains Blue Crates has no incentive to actively defend itself in the Underlying Action due to the bankruptcy discharge, so the parties may never reach the merits of whether Blue Crates "knowingly" infringed on Doorage's copyrights. (*Id.*) That may be so. But it is not true that "[l]ifting the stay in the underlying action, simply to obtain a default judgment against Blue Crates (if one could be entered), moves the ball in this action no further," as Doorage claims. (Dkt. 18 at 2). In fact, obtaining a default judgment might be the fastest means to resolution, as this would establish Blue Crates's liability for copyright infringement and a damages judgment as a matter of law. The Court could then take up the issue of Crum & Forster's duty to indemnify Blue Crates for any outstanding debt beyond that discharged in bankruptcy.

In its reply brief, Doorage asks the Court to lift its stay to determine, at minimum, whether Crum & Forster owes a duty to defend Blue Crates in the Underlying Action, despite Blue Crates's agreement to release Crum & Forster from this duty in their confidential settlement agreement in Crum & Forster's declaratory action against Blue Crates. (*See Crum & Forster Specialty Ins. Co. v. Blue Crates, LLC et al.*, No. 20-cv-6106). But it is hard to understand why Crum & Forster disclaiming its duty to defend Blue Crates is relevant to Doorage's indemnification claim. By not defending Blue Crates in the Underlying Action pursuant to their settlement agreement, Crum & Forster risks becoming liable to indemnify Blue Crates *if* Blue Crates in fact infringed on Doorage's copyrights *and* its policies with Crum & Forster covered that infringement. Crum &

7

Forster appears confident that even if Blue Crates infringed on Doorage's copyrights, its policy exclusions preclude coverage, so it would not be liable for any judgment Doorage may ultimately win against Blue Crates. But Crum & Forster bears the risk of any strategic miscalculation on this front, and Doorage's interest remains unaffected either way.

In sum, maintaining the stay of proceedings in this case pending a ruling and judgment in the Underlying Action will streamline the key issue before this Court—specifically, Crum & Forster's duty to indemnify. The stay is not unduly prejudicial to Doorage, because Doorage may at any time ask the bankruptcy court to modify its automatic stay and allow the Underlying Action to proceed to establish Blue Crates's liability and a judgment for damages recoverable under any applicable insurance policies. Furthermore, staying the question of Crum & Forster's duty to defend Blue Crates in the Underlying Action does not unduly prejudice Doorage, because its interest in Crum & Forster's duty to indemnify remains unaffected regardless.

## CONCLUSION

For these reasons, the Court denies Doorage's Motion to Lift Stay [18] in this declaratory action against Crum & Forster.

_____
Virginia M. Kendall
United States District Judge

Date: November 1, 2022